*680 OPINION OF THE COURT
Donald Kitson, J.
Petitioners, as aggrieved candidates, seek to declare the designating petitions of the respondents as invalid. Respondents move to dismiss the petition.
Dismissal
Respondents seek to dismiss the petition based on the following grounds:
(1) Standing;
(2) Lack of ripeness;
(3) Filing/noncompliance with CPLR 203 (c) (1);
(4) Service of amended petition is ineffectual.
Standing
Pursuant to Election Law § 16-102 (1), the proceeding challenging a designation may be commenced by a “candidate aggrieved.” There is no dispute that the only candidates aggrieved are those whose designated petitions have been deemed valid, which in this case are the following petitioners: Mary E. Ravasio, Edward Simms, Samantha M. Simms and Arnold B. Firestone.
Petitioners’ counsel does not dispute the fact that the remaining petitioners are not aggrieved candidates and, as such, the CPLR article 78 proceeding is dismissed as against all of the petitioners except for Edward Simms, Samantha M. Simms, Arnold B. Firestone and Mary E. Ravasio for lack of standing. Since the designating petition of Lisa M. Morales was ruled invalid, she is also no longer an aggrieved candidate.
Ripeness
The court finds that said issue is moot because the court has received a copy of the decision of the Suffolk County Board of Elections dated August 20, 2002 validating the designating petition of certain corespondents. As such, there is a justiciable controversy which respondents’ counsel does dispute in his supplemental affirmation.
Filing
Pursuant to the papers before this court, petitioners commenced this proceeding by filing this petition with the clerk of the court, that being the Office of the Clerk of Suffolk County *681 in which filing and fee payment occur. The court has no evidence of the order to show cause being filed in the Office of the Clerk of Suffolk County. Petitioners argue that pursuant to CPLR 304 they needed only to file the petition.
Respondents argue that petitioners have failed to comply with CPLR 203 (c) (1) (amended Aug. 2002 by L 2002, ch 334), which provides that the statute of limitations is not tolled until the petition as well as the notice of petition or order to show cause is filed. Respondents submit the New York Law Journal article of February 14, 2002 by Vincent C. Alexander (New York Practice, Special Proceedings: New Commencement Amendment Is Incomplete, at 3, col 1), who is well known to this court, as he writes the commentaries for McKinney’s Consolidated Laws of NY, Civil Practice Laws , and Rules.
Professor Alexander points out the gap between the two sections of the CPLR, sections 304 and 203 (c) (1), explaining that absent a change in the statute, a special proceeding, such as this one, can be dismissed as untimely if the petition is filed within the statute of limitations but the order to show cause is filed after the limitations period. After review of the aforementioned statutes, this court agrees.
There is no dispute that the applicable statute of limitations date in this case is August 8, 2002. There is no evidence of the order to show cause in this case having been filed on or before August 8, 2002. In addition, the court notes that the amended petition cannot affect the expiration of the statute of limitations.
Accordingly, the court hereby dismisses the within proceeding in its entirety pursuant to CPLR 203 (c) (1).